## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO BROWN | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **CASE NO. 4:25-CV-00740-P** |
| | ) | |
| LASALLE CORRECTIONS | ) | |
| WEST, LLC d/B/A PRAIRIELAND | ) | |
| DETENTION CENTER; JIMMY | ) | |
| JOHNSON; LEANDRO HERNANDEZ; | ) | |
| and ARMANDO CASTRO | ) | |
| | ) | |
| **Defendants.** | ) | |

## THIRD AMENDED COMPLAINT

Plaintiff Antonio Brown files this his Third Amended Complaint seeking damages from (1) LaSalle Corrections West, LLC d/b/a Prairieland Detention Center, (2) Jimmy Johnson, (3) Leandro Hernandez, and (4) Armando Castro, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981 ("Section 1981"). For these causes of action, Plaintiff states as follows:

## PARTIES

1.      Plaintiff Antonio Brown is a Black male who resides in Fort Worth (Tarrant County), Texas and, at all material times, worked out of Defendant LaSalle's correctional facility in Alvarado, Texas.

2.      Defendant LaSalle Corrections West, LLC d/b/a Prairieland Detention Center ("LaSalle" or "Defendant") is a domestic limited liability company organized under the laws of the State of Texas, with its principal place of business located in Ruston, Louisiana.  LaSalle has been served with process.

3.      Defendant Jimmy Johnson ("Johnson") is a White male who, at all material times, served as the warden of LaSalle Corrections West, LLC d/b/a Prairieland Detention Center and who, on information and belief, resides in Covington, Texas. Defendant Johnson has been served with process.

4.      Defendant Leandro Hernandez ("Hernandez") is a Hispanic male who, at all material times, served as the assistant warden of LaSalle Corrections West, LLC d/b/a Prairieland Detention Center and who, on information and belief, resides in Alvarado, Texas. Defendant Hernandez has been served with process.

5.      Defendant Armando Castro ("Castro") is a Hispanic male who, at all material times, served as a chief/supervisor at LaSalle Corrections West, LLC d/b/a Prairieland Detention Center and who, on information and belief, resides in Hillsboro, Texas. Defendant Castro has been served with process.

<b>JURISDICTION AND VENUE</b>

6.      Plaintiff seeks relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1331.

7.      At all times material hereto, Defendant LaSalle Corrections, LLC conducted business in Texas and was doing business in the State of Texas by employing Plaintiff in Alvarado, Texas. The causes of action asserted herein arose from and are connected to purposeful acts committed by Defendants during Plaintiff's employment in Alvarado, Texas.

8.      A substantial portion of the acts and omissions giving rise to Plaintiff's claims occurred in Johnson County, Texas and Plaintiff resides in Tarrant County, Texas. Venue is proper in this district and division under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

2

**EXHAUSTION OF ADMINISTRATIVE PROCEDURES AND REMEDIES**

9.      Plaintiff timely filed with Equal Employment Opportunity Commission ("EEOC") charges of discrimination and retaliation against Defendant LaSalle.

10.      Plaintiff  Antonio Brown received his notices of right to sue on his discrimination charge and his retaliatory termination charge from the EEOC on February 29, 2024 and March 1, 2024 (respectively) and timely filed this First Amended Complaint within those 90 days of receiving those notices of right to sue.

**FACTUAL BACKGROUND**

11.      Defendant LaSalle is a developer and operator of correctional facilities throughout Louisiana, Texas and Georgia. According to its website, LaSalle claims to manage 18 facilities with a total inmate capacity of 13,000 throughout those states.

12.      Defendant LaSalle also claims to provide equal employment opportunities without regard to race, color, national origin, or ancestry (among other things) and purports to prohibit "any form of unlawful employee harassment or discrimination based on these characteristics. (See: https://lasallecorrections.com/workplace/).

13.      Defendant Lasalle  is an "employer" as that term is defined in 42 U.S.C. § 2000e(b) and Texas Labor Code § 21.002(8).

14.      Plaintiff Antonio Brown was employed as a Detention Officer with LaSalle from January 2018 through September 2023, at which point he was terminated/constructively discharged.

15.      Beginning in August 2019, Plaintiff Antonio Brown was subjected to racial slurs and derogatory language directed toward Black employees. For example, in August 2019, Defendant Castro referred to Plaintiff Antonio Brown and some of his Black co-workers as "a

bunch a monkeys living in the jungle. The following month (September 2019), we were referred to by Defendant Castro as "rats and termites."

16.     A complaint regarding Defendant Castro's actions and comments was made to Defendant Hernandez, who advised that the complaint must be made in writing. That complaint was submitted in writing to the human resources manager (Tonya King). However, no investigation was ever conducted and no remedial action was ever taken.

17.     Repeatedly, Black employees were treated disparately than Caucasian or Hispanic counterparts. For example, a Black Detention Officer was terminated after purportedly "falling asleep on the job" while a white officer who had been caught sleeping on shift over 20 times was not. Coincidentally (or not), the Black officer who was terminated was also the same Black officer that had submitted a written complaint regarding Defendant Castro's racial slurs.  In addition, Caucasian and Hispanic officers were typically assigned to more desirable, less-difficult security stations within the facility.

18.     In April 2023, Defendant Antonio Brown filed his Charge of Discrimination against LaSalle with the EEOC/Texas Workforce Commission, alleging discrimination and harassment on the basis of race, religion, disability, and retaliation.

19.     On July 27, 2023—approximately 3 months after filing his Charge of Discrimination against LaSalle—Plaintiff Antonio Brown was allowed by Defendant Johnson to convert to part-time status at LaSalle. The request for part-time status was an attempt by Defendant Antonio Brown to lessen the severity of the harassment and discrimination and the impact on his mental and physical well-being.

20.     Defendant Johnson informed Plaintiff Antonio Brown that it would be necessary for him to submit a full-time employee letter of resignation, which he did on July 27, 2023. The

effective date of that full-time employment resignation was August 11, 2023, after which Plaintiff Antonio Brown would continue working as a part-time employee at LaSalle. That letter was submitted to Defendants Johnson and Hernandez, as well as a human resources manager (Tonya King).

21.     On August 21, 2023 (10 days after the effective date of the part-time status), Defendant Johnson sent Plaintiff Antonio Brown a letter indicating that he had "reconsidered" Plaintiff's part-time status and that he was no longer being permitted to work part-time. Plaintiff Antonio Brown filed a grievance at LaSalle regarding that recission of the part-time position and was letter notified (by letter dated September 11, 2023, from Assistant Regional Warden Robert Parker) that Defendant Johnson's rescission of the part-time status was being upheld and that the effective date of my termination was being retroactively designated as August 13, 2023.

22.     Plaintiff Antonio Brown was told that the rescission of his part-time employment status was due to the lack of part-time staffing in the staffing plan at Prairieland Detention Center. However, Plaintiff Antonio Brown is aware of other officers at the detention center working part-time, including Officer Van Ryan (a Caucasian male) and another Caucasian male who happens to be the son of Tonya King (the HR manager).

23.     The stated reason for his termination is a pretext for retaliation by Defendants in response to Plaintiff's Antonio Brown's prior complaints of harassment and his April 2023 Charge of Discrimination.

24.     Plaintiff Antonio Brown suffered—and continues to suffer—severe anxiety and stress over his treatment, and the treatment of other Black Detention Officers as a result of the conduct and/or omissions of Defendants Castro, Johnson, and Hernandez. To further compound the situation, Plaintiff Antonio Brown was never notified of any results or conclusions from any

Human Resources investigation, leading him to believe that no such investigations were ever conducted.

## CAUSES OF ACTION

### A.  Count One: Hostile Work Environment Harassment (Race) under Title VII (Defendant LaSalle Corrections West, LLC)

25.  Plaintiff repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

26.  Plaintiff alleges that Defendant LaSalle, as his employer, subjected him to a racially hostile work environment in violation of § 42 U.S.C. § 2000e-2 *et seq*.

27.  Plaintiff is a member of a protected class (Race: Black). Plaintiff was subjected to unwelcome and hostile verbal conduct of a racial nature which continued throughout his employment. 42 U.S.C. § 2000e(f).

28.  Defendant LaSalle is an employer within the meaning of Title VII. 42 U.S.C. § 2000e(b).

29.  All conditions precedent to filing this action for discrimination under federal law have been met.

30.  Defendant LaSalle, by and through the actions of its employee managers and supervisors, violated Title VII, as amended, by harassing Plaintiff and/or creating a racially hostile work environment, and/or discriminating and/or retaliating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of his race.

31.  Defendant LaSalle, by and through the actions of its employee managers and supervisors, maliciously and recklessly violated its own established rules and procedures to inflict pain and suffering upon Plaintiff.

32.     Defendant LaSalle allowed a racially hostile work environment that targeted Black employees to persist.

33.     Plaintiff complained about the racially-charged misconduct in accordance with Defendant LaSalle's policies and procedure but his complaints were ignored and Defendant LaSalle failed or refused to investigate. Defendant LaSalle failed to exercise reasonable care to prevent the aforementioned described racial harassment and hostile work environment from occurring.

34.     Plaintiff would not have been subjected to the harassment but for his race, as evidenced by the type of remarks and conduct directed towards him.

35.     The harassment inflicted on Plaintiff was severe and pervasive and altered the terms and conditions of his employment and created a hostile and abusive work environment.

36.     Plaintiff complained of the harassment to human resources in accordance with Defendant LaSalle's policy and procedures. Defendant LaSalle knew or should have known about the harassment and failed to take prompt remedial action.

37.     Defendant LaSalle failed to exercise reasonable care to prevent the aforementioned and described racial harassment and racially hostile work environment from occurring. Defendant LaSalle further failed to exercise reasonable care to correct promptly the aforementioned and described racially harassing behavior.

38.     By the aforesaid acts and omissions of Defendant LaSalle, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary losses not presently ascertained.

39.     As a further direct and legal result of the acts and conduct of Defendant LaSalle, Plaintiff has been caused to and did suffer and continues to suffer severe anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Plaintiff does not know at this time the exact duration or permanence of said injuries, but are informed and believe and thereon allege, that some if not all of the injuries are reasonably certain to be permanent in character.

40.     Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

41.     Such discrimination and harassment by Defendant LaSalle against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant LaSalle for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.

42.     Further, this discrimination and harassment was done by Defendant LaSalle with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiffs are therefore also entitled to, and seek recovery of, punitive damages.

43.     Plaintiff requests relief as described in the Prayer for Relief below.

### B.     Count Two: Retaliation Under Title VII
### (Defendant LaSalle Corrections West, LLC)

44.     Plaintiff repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

45.     Plaintiff has satisfied all jurisdictional prerequisites in connection with this claim under Title VII.

46.     Plaintiff engaged in protected activity by, among other things, complaining about the harassment and discrimination based on race to LaSalle's managers and supervisors, including Defendant Johnson, and filing a charge with the EEOC.

47. Plaintiff reasonably believed the situation involving Defendant LaSalle's employee managers and supervisors constituted unlawful discrimination on the basis of race and a hostile environment.

48. As a result of Plaintiff's reporting of the discriminatory and harassing misconduct and the filing and prosecution of the claims in this lawsuit, Plaintiff suffered adverse action. In particular, as a result of his protected activity, Plaintiff was further targeted for harassment and retaliation, including disciplinary warnings, suspensions, and/or termination.

49. Defendant LaSalle, through the illegal actions of its employee managers and supervisors, retaliated against Plaintiff by materially altering the terms and conditions of his employment.

50. There was a causal connection between Plaintiff's participation in protected activities and the adverse employment actions Defendant LaSalle taken against Plaintiff. But for the fact that the Plaintiff engaged in these protected activities, Plaintiff would not have suffered the adverse employment actions.

51. The employment practices complained of above were intentional.

52. As a result of Defendant LaSalle's retaliatory conduct, Plaintiff has suffered and will continue to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with his employment. Plaintiff has also suffered compensatory damages which were a natural, probable and foreseeable result of Defendant LaSalle's actions.

53. As a further result of Defendant LaSalle's retaliatory conduct, Plaintiff has suffered nonpecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff seeks compensatory damages under Title VII.

54.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

55.    Plaintiff alleges that Defendant LaSalle, by engaging in the aforementioned acts and by ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of Plaintiff's rights, welfare, and safety, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

56.    As a result of Defendant LaSalle's acts and omissions as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit, including reasonable expert fees, as provided in Title VII of the Civil Rights of 1964, as amended.

57.    Plaintiff also requests relief as described in the Prayer for Relief below.

**C.    Count Three: Hostile Work Environment Harassment (Race) under Section 1981 (All Defendants)**

58.    Plaintiff repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

59.    Defendants subjected Plaintiff to a hostile work environment in violation of 42 U.S.C. §1981. Plaintiff has been forced by Defendants to work in a hostile environment on account of his race.

60.    All Defendants, by and through both the acts and omissions of the Individual Defendants, violated Section 1981 by harassing Plaintiff and creating a hostile work environment as a direct result of Plaintiff's race.

61.    The race-based harassment was both subjectively and objectively hostile.

62.    Defendants maliciously and recklessly violated its own established rules and procedures to inflict pain and suffering upon the Plaintiff.

63.     Plaintiff would not have been subjected to the harassment but for his race, as evidenced by the type of remarks and conduct directed towards him.

64.     The harassment inflicted on Plaintiff was severe and pervasive and altered the terms and conditions of his employment and created a hostile and abusive work environment.

65.     Defendants failed to exercise reasonable care to prevent the aforementioned behavior and described sexual harassment and sexually hostile work environment from occurring. Defendants further failed to exercise reasonable care to correct promptly the aforementioned and described sexually harassing behavior.

66.     By the aforesaid acts and omissions of Defendants, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary losses not presently ascertained.

67.     As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to and did suffer and continues to suffer severe anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

68.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

69.     Plaintiff alleges that the Defendants, through omissions and by actually engaging in the aforementioned acts and/or in ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

70.     As a result of Defendants' conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as allowed by law.

71.     Plaintiff also requests relief as described in the Prayer for Relief below.

### D.     Count Four: Retaliation Under Section 1981
### (Defendant LaSalle Corrections West, LLC)

72.     Plaintiff repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

73.     Plaintiff engaged in protected activity by, among other things, complaining about the racial harassment of Defendant's employee managers and supervisors, participating in the investigation process for that complaint, and filing and prosecuting the claims in this lawsuit.

74.     Plaintiff reasonably believed the situation involving Defendant LaSalle's employee managers and supervisors constituted unlawful discrimination and harassment on the basis of race and a racially hostile work environment.

75.     Plaintiff suffered adverse employment action. In particular, and in retaliation for his above-described protected activity, Plaintiff was further targeted for harassment and retaliation, including disciplinary warnings.

76.     The employment practices complained of above were intentional.

77.     Defendants' actions constitute unlawful retaliation under Section 1981. Specifically, Plaintiff previously opposed racially discriminatory practices and submitted complaints and/or participated in official investigations and proceedings regarding that complaint of racial harassment. But for Plaintiff's participation in these protected activities, she would not have suffered the adverse employment action/disparate treatment in the terms and conditions of his employment with Defendant.

12

78.    Plaintiff alleges that there was a causal connection between the participation in the protected activities described above and the adverse employment decisions made against Plaintiff. But for the fact that Plaintiff engaged in these protected activities, she would not have suffered the adverse employment actions.

79.    As a result of Defendant's retaliatory conduct, Plaintiff has suffered and will continue to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with his employment. Plaintiff has also suffered compensatory damages which were a natural, probable and foreseeable result of Defendant's actions.

80.    As a further result of Defendant's retaliatory conduct, Plaintiff has suffered nonpecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Because of these losses, Plaintiff seeks compensatory damages under Section 1981.

81.    Defendants' actions were done with malice and/or with reckless indifference to Plaintiff's protected rights. Plaintiff is thereby entitled to punitive damages under Section 1981.

82.    Plaintiff also seeks reasonable attorneys' fees and court costs, including reasonable expert fees, as allowable by law.

## DAMAGES

83.    Plaintiff seeks actual, compensatory, and punitive damages.

84.    Defendants' actions were done with malice and/or with reckless indifference to Plaintiff's protected rights. As a result of Defendants' intentional discrimination and other unlawful acts described above, Plaintiff has suffered and will continue to suffer actual and compensatory damages, including but not limited to lost earnings, expenses for reasonable

13

psychological and medical care (past and future), mental anguish, humiliation, and emotional distress.

85. The conduct, statements, acts and/or omissions described hereinabove were committed knowingly, in that Defendants had actual awareness of the unfairness of such acts, practices, and/or omission.

86. As a result of such acts, practices, and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish for which Plaintiff seeks to recover in an amount in excess of the minimum jurisdictional limits of this Court.

87. The acts and omissions of Defendants complained of hereinabove were committed knowingly, willfully, intentionally, with actual awareness, and with specific intent. In order to punish Defendants for such unconscionable acts or omissions and to further deter such acts or omissions in the future, Plaintiff also seeks recovery for exemplary/punitive damages as authorized by law.

**JURY DEMAND**

88. Plaintiff has demanded a trial by jury as to all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Antonio Brown respectfully requests that on final trial, judgment be granted against Defendants LaSalle Corrections West, LLC d/b/a Prairieland Detention Center, Jimmy Johnson, Leandro Hernandez, and Armando Castro, awarding Plaintiff the following:

a. Back pay, including but not limited to, lost wages and other employment benefits;

b. Front pay and benefits;

c. Actual damages;

14

d.   Compensatory and/or punitive damages, in the maximum amount allowed by law;

e.   Prejudgment and post-judgment interest, in the maximum amount allowed by law;

f.   Attorneys' fees, expert fees, and costs of suit; and

g.   Such other and further legal and equitable relief to which Plaintiff may be justly entitled.

Respectfully submitted August 5, 2025.

/s/ Kevin M. Duddlesten
Texas Bar No. 00793644
DUDDLESTEN LAW GROUP, PLLC
4347 W Northwest Hwy Ste 130, PMB 325
Dallas, TX 75220
Phone: (214) 833-5228
Facsimile: (469) 457-6785
Email: kevin@duddlestenlawgroup.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document was filed electronically on August 5, 2025. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Kevin M. Duddlesten
Kevin M. Duddlesten

15