IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ANTONIO BROWN** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **LASALLE CORRECTIONS WEST,** | § | **CASE NO.: 4:25-CV-00740-P** |
| **LLC, d/b/a PRAIRIELAND** | § | |
| **DETENTION CENTER; JIMMY** | § | |
| **JOHNSON; LEANDRO** | § | |
| **HERNANDEZ; and ARMANDO** | § | |
| **CASTRO** | § | |
| *Defendants.* | § | |
| | § | |

**<u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF
ANTONIO BROWN'S THIRD AMENDED COMPLAINT (DOC. 59)</u>**

**DEFENDANTS LASALLE CORRECTIONS WEST, LLC D/B/A PRAIRELAND
DETENTION CENTER ("LASALLE"), JIMMY JOHNSON ("JOHNSON"), LEANDRO
HERNANDEZ ("HERNANDEZ"), AND ARMANDO CASTRO ("CASTRO")** (collectively
referred to as the "Defendants"), by and through their counsel of record, respectfully submit their
Answer and Affirmative Defenses to Plaintiff Antonio Brown's ("Plaintiff" or "Brown2") Third
Amended Complaint with jury demand (Doc. 59), in the above-styled case and would show the
Court as follows:

**PARTIES[1]**

1.      Based upon information and belief, Defendants admit Plaintiff Brown2 represented
he is Black and is male. Defendants are without knowledge, information, and/or belief sufficient
to either admit or deny whether Plaintiff Brown2 resides in Fort Worth (Tarrant County), Texas.

---

[1] The headings are from Plaintiff Antonio Brown's Third Amended Complaint (Doc. 59) and are
included for the Court's convenience.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint   1**

Defendant LaSalle admits Plaintiff Brown2 worked at Defendant LaSalle's correctional facility in Alvarado, Texas.

2.      Defendant LaSalle admits Paragraph 2. Defendants Johnson, Hernandez, and Castro are without knowledge, information, and/or belief sufficient to admit or deny whether Defendant LaSalle is a domestic limited liability company organized under the laws of the State of Texas, with its principal place of business located in Ruston, Louisiana but has information to believe Defendant LaSalle has been served with process.

3.      Defendants admit Defendant Johnson identifies as White and male and served as the Warden of Defendant LaSalle's Prairieland Detention Center ("PDC"). Defendant Johnson denies he resides in Covington, Texas but admits he resides in Grandview, Texas and was served with process. However, Defendant Johnson was served at the police station in LaVista, Texas. Defendants LaSalle, Hernandez, and Castro are without knowledge, information, and/or belief sufficient to admit or deny the remainder of paragraph 3.

4.      Defendants admit Defendant Hernandez identifies as Hispanic and male and admits to have served as the Assistant Warden of Defendant LaSalle's PDC during the relevant time period. Defendant Hernandez admits that he was served with process. Defendants LaSalle and Castro admit Defendant Hernandez was served with process. Defendant Johnson is without knowledge, information, and/or belief sufficient to admit or deny whether Defendant Hernandez was served with process but admits Defendant Hernandez identifies as a Hispanic male. Defendant Hernandez denies that he resides in Alvarado, Texas but admits that he lives in Abilene, Texas.

5.      Defendants admit Castro ("Castro") is a Hispanic and male. Specifically, Defendant Castro serves as the Chief of Security at LaSalle's PDC. Defendant Castro admits he was served with process. Defendants LaSalle and Hernandez admit Defendant Castro was served with process.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint**   2

Defendant Johnson is without knowledge, information, and/or belief sufficient to admit or deny whether Defendant Castro was served with process but admits Defendant Castro identifies as a Hispanic male. Defendant denies he resides in Hillsboro, Texas but admits he resides in Itasca, Texas.

<b>JURISDICTION AND VENUE</b>

6. Defendants admit that the Court has jurisdiction of claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Defendants admit the Court has jurisdiction over civil actions arising under Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981. Defendants further admit the Court has jurisdiction under 28 U.S.C. §1331. Defendants deny Plaintiffs are entitled to any relief under the stated statutes.

7. Defendant LaSalle admits it conducted business in Texas and was doing business in the State of Texas by employing Plaintiff in Alvarado, Texas. Based upon information and belief, Defendants Johnson, Hernandez, and Castro admit Defendant LaSalle conducted business in Texas and employed Plaintiff. Defendants vehemently deny the alleged causes of action arose from and are connected to purposeful acts.

8. Defendants vehemently deny any violations of the law. Defendants are without knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiffs reside in Tarrant County, Texas. Defendants admit venue is proper in this district and division under 28 U.SC. § 1391 and 42 U.SC. § 2000e-5(f)(3).

<b>EXHAUSTION OF ADMINISTRATIVE PROCEDURES AND REMEDIES</b>

9. Defendants are without knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff timely filed with the Equal Employment Opportunity Commission

his ("EEOC") charges of discrimination and retaliation against Defendant LaSalle. Consequently, this paragraph is denied in its entirety.

10.    Defendants are without knowledge, information, and/or belief sufficient to either admit or deny when Plaintiff Brown2 received the notices. Defendants admit Plaintiff Brown2 filed a lawsuit, but the lawsuit was filed before receipt of the notice. Moreover, Defendants deny Plaintiff Brown2 attached true and correct copies of his notices of right to sue to Plaintiff's Third Amended Complaint. Furthermore, Defendants deny exhaustion of administrative remedies to the extent Plaintiff Brown2 may have failed to timely bring any issues within 300 days to the EEOC that is now asserted in the instant matter.

## FACTUAL BACKGROUND

11.    Defendant LaSalle admits Paragraph 11 in its entirety. Defendants Johnson, Hernandez, and Castro admit Defendant LaSalle operates correctional facilities. Defendants Johnson, Hernandez, and Castro have not reviewed Defendant LaSalle's website to admit or deny the verbiage contained on the website.

12.    Defendant LaSalle admits it is an "employer" under Title VII as defined in 42 U.S.C. § 2000e(b) and under the Texas Labor Code §21.002(8). However, Plaintiffs do not bring any claims under the Texas Labor Code. Defendants Johnson, Hernandez, and Castro are without knowledge, information, and/or belief sufficient to either admit or deny whether Defendant LaSalle meets the definition of "employer" under the statutes.

13.    Defendants admit Plaintiff Brown2 was employed at Defendant LaSalle's PDC. Defendant LaSalle admits Defendant Brown2 was a Detention Officer with LaSalle and began employment in January 2018; Plaintiff Brown2 resigned from full-time employment to be effective August 2023. Defendants Johnson, Hernandez, and Castro lack knowledge, information, and/or

belief sufficient to admit or deny the employment period for Plaintiff Brown2. Defendants deny Plaintiff Brown2 was terminated in violation of Title VII and/or Section 1981 and further deny Plaintiff Brown2 was constructively discharged. All allegations herein not admitted are denied.

14.     Defendants deny Plaintiff Brown2 was subjected to racial slurs and derogatory language directed to Black employees. Defendants deny Defendant Castro made the alleged statements in Paragraph 15.

15.     Defendant LaSalle denies Tonya King received any statement in writing complaining about Defendant Castro's actions and comments. Complaints received about Defendant Castro were investigated; the complaints against Defendant Castro were investigated; the complaints against Defendant Castro were not substantiated. All allegations herein not admitted are denied.

16.     Defendants deny Black employees were treated disparately than Caucasian or Hispanic counterparts. Defendants are not able to address the allegations in Paragraph 17 because Plaintiff failed to provide sufficient information, e.g., no names were provided. Consequently, Defendants deny Paragraph 17 in its entirety. Defendants further deny the remainder of Paragraph 17.

17.     Defendants object to Paragraph 18 as nonsensical because there is not a "Defendant Antonio Brown" who filed a Charge of Discrimination. To the extent, Paragraph 18 refers to Plaintiff Brown2, Defendant LaSalle admits Defendant Brown2 filed a Charge of Discrimination in April, 2023, where he alleged discrimination and harassment on the basis of race, religion, disability, and retaliation. Defendants Johnson, Hernandez, and Castro lack knowledge, information, and/or belief sufficient to either admit or deny whether Brown2 filed a Charge of

Discrimination with the EEOC. However, Defendants vehemently deny discrimination and harassment on the bases of race, religion, disability, and/or retaliation.

18.    Defendant Johnson admits he considered Plaintiff Brown2 for possible part-time work. Defendants Hernandez and Castro are without knowledge, information, and/or belief sufficient to either admit or deny Plaintiff Brown2's allegation regarding part-time employment. Defendants deny Plaintiff Brown2's assertion regarding the existence of harassment and discrimination. All allegations not admitted in Paragraph 19 are denied.

19.    Defendants LaSalle and Johnson admit Plaintiff Brown2 rendered a resignation letter and that Plaintiff Brown2 requested part-time work. Defendants Castro and Hernandez are without knowledge, information, and/or belief sufficient to either admit or deny Paragraph 20. Consequently, Defendants Castro and Hernandez deny Paragraph 20 in its entirety. All allegations stated in Paragraph 20 not admitted are denied.

20.    Defendant Johnson admits that he sent a letter to Plaintiff Brown2, which informed Plaintiff Brown2 that he could not be allowed to continue part-time employment. Defendants LaSalle and Johnson admit Plaintiff Brown2 filed a grievance that he would not be permitted to work part-time. Defendant LaSalle admits there was a letter dated September 11, 2023 from Assistant Regional Warden Robert Parker. The document speaks for itself. Defendants Hernandez and Castro lack knowledge, information, and/or belief sufficient to either admit or deny the allegations asserted in Paragraph 21. Consequently, Defendants Hernandez and Castro deny Paragraph 21 in its entirety. All allegations stated in Paragraph 21 not admitted are denied.

21.    Defendant LaSalle admits the part-time position requested by Plaintiff Brown2 was denied in part because of the staffing plan. Defendant LaSalle denies that any other person was permitted to work part-time. Defendants Hernandez and Castro lack knowledge, information,

and/or belief sufficient to either admit or deny the allegations asserted in Paragraph 22. All allegations stated in Paragraph 22 not admitted are denied.

22.    Defendant LaSalle objects to Paragraph 23 to the extent it asserts a legal conclusion regarding pretext. Defendants object to Paragraph 23 in its entirety. Further, Defendants deny Paragraph 23 in its entirety.

23.    Defendants lack knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff Brown2 suffered and continues to suffer severe anxiety and stress over his alleged treatment and the alleged treatment of other Black Detention Officers by the individual Defendants. Consequently, Defendants deny this statement in Paragraph 24. Further, Defendants lack knowledge, information, and/or belief sufficient to either admit or deny the remainder of Paragraph 24. Therefore, the allegations are denied.

## CAUSES OF ACTION

**A. Count One: Hostile Work Environment Harassment (Race) under Title VII (Defendant LaSalle Corrections West, LLC)[2]**

24.    Paragraph 24 requires no response. To the extent a response is required, Defendant LaSalle denies the allegations and incorporates the prior responses.

25.    Defendant LaSalle denies Paragraph 25 in its entirety.

26.    Defendant LaSalle admits Plaintiff Brown2 is Black. Defendant LaSalle denies the remainder of Paragraph 26.

27.    Defendant LaSalle admits it meets the definition of employer under Title VII.

---

[2] The allegations in this section are directed solely to Defendant LaSalle Corrections. To the extent Plaintiff alleges Defendants (plural) are also referenced in the allegations, all Defendants deny the allegation.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint   7**

28.     Defendant LaSalle lacks knowledge, information, and/or belief sufficient to either admit or deny whether [a]ll conditions precedent" have been met. Consequently, Defendant LaSalle denies Paragraph 28.

29.     Defendant LaSalle denies Paragraph 29 in its entirety.

30.     Defendant LaSalle denies Paragraph 30 in its entirety.

31.     Defendant LaSalle denies Paragraph 31 in its entirety.

32.     Defendant LaSalle denies Paragraph 32 in its entirety.

33.     Defendant LaSalle denies Paragraph 33 in its entirety.

34.     Defendant LaSalle denies Paragraph 34 in its entirety.

35.     Defendant LaSalle denies Paragraph 35 in its entirety.

36.     Defendant LaSalle denies Paragraph 36 in its entirety.

37.     Defendant LaSalle denies Paragraph 37 in its entirety.

38.     Defendant LaSalle denies Paragraph 38 in its entirety.

39.     Defendant LaSalle denies Paragraph 39 in its entirety.

40.     Defendant LaSalle denies Paragraph 40 in its entirety.

41.     Defendant LaSalle denies Paragraph 41 in its entirety.

42.     Defendant LaSalle denies Plaintiff Brown2 is entitled to relief.

**B. Count Two: Retaliation Under Title VII (Defendant LaSalle Corrections West, LLC) (Defendant LaSalle Corrections West, LLC)[3]**

43.     Paragraph 43 requires no response. To the extent a response is required, Defendant LaSalle denies the allegations and incorporates the prior responses.

---

[3] The allegations in this section are directed solely to Defendant LaSalle Corrections. To the extent Plaintiff alleges Defendants (plural) are also referenced in the allegations, all Defendants deny the allegation.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint    8**

44. Defendant LaSalle lacks knowledge, information, and/or belief sufficient to either admit or deny whether "all jurisdictional prerequisites in connection with this claim under Title VII" have been met. Consequently, Defendant LaSalle denies Paragraph 44.

45. Defendant LaSalle denies Paragraph 45 as written.

46. Defendant LaSalle denies Paragraph 46 because it has no information to establish what Plaintiffs believed and whether or not it was reasonable. Defendant LaSalle denies Paragraph 46 in its entirety.

47. Defendant LaSalle denies Paragraph 47 as written.

48. Defendant LaSalle denies Paragraph 48 in its entirety.

49. Defendant LaSalle denies Paragraph 49 in its entirety.

50. Defendant LaSalle denies Paragraph 50 in its entirety.

51. Defendant LaSalle denies Paragraph 51 in its entirety.

52. Defendant LaSalle denies Paragraph 52 in its entirety.

53. Defendant LaSalle denies Paragraph 53 in its entirety.

54. Defendant LaSalle denies Paragraph 54 in its entirety.

55. Defendant LaSalle denies Paragraph 55 in its entirety.

56. Defendant LaSalle denies Plaintiff Brown2 is entitled to relief.

### C. Count Three: Hostile Work Environment Harassment (Race) under Section 1981 (All Defendants)

57. Paragraph 57 requires no response. To the extent a response is required, Defendants deny the allegations and incorporate their prior responses.

58. Defendants deny Paragraph 58 in its entirety.

59. Defendants deny Paragraph 59 in its entirety.

60. Defendants deny Paragraph 60 in its entirety.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint**   9

61.     Defendants deny Paragraph 621in its entirety.

62.     Defendants deny Paragraph 62 in its entirety.

63.     Defendants deny Paragraph 63 in its entirety.

64.     Defendants deny Paragraph 64 in its entirety.

65.     Defendants deny Paragraph 65 in its entirety.

66.     Defendants deny Paragraph 66 in its entirety.

67.     Defendants deny Paragraph 67 in its entirety.

68.     Defendants deny Paragraph 68 in its entirety.

69.     Defendants deny Plaintiff Brown2 is entitled to relief, including any attorneys' fees and costs of suit.

70.     Defendants deny Plaintiff Brown2 is entitled to any relief, particularly as stated in the Prayer for Relief.

## D. Count Four: Retaliation under Section 1981 (Defendant LaSalle Corrections West, LLC)[4]

71.     Paragraph 71 requires no response. To the extent a response is required, Defendant LaSalle denies the allegations and incorporates the prior responses.

72.     Defendant LaSalle denies Paragraph 72 in its entirety.

73.     Defendant LaSalle objects to Paragraph 73 to the extent Defendant LaSalle has no specific knowledge regarding Plaintiff Brown2's beliefs or the reasonableness of any beliefs. Defendant LaSalle denies Paragraph 73 in its entirety.

74.     Defendant LaSalle denies Paragraph 74 in its entirety.

75.     Defendant LaSalle denies Paragraph 75 in its entirety.

---

[4] The allegations in this section are directed solely to Defendant LaSalle Corrections. To the extent Plaintiff alleges Defendants (plural) are also referenced in the allegations, all Defendants deny the allegation.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint   10**

76.     Defendant LaSalle denies Paragraph 76 in its entirety.

77.     Defendant LaSalle denies Paragraph 77 in its entirety.

78.     Defendant LaSalle denies Paragraph 78 in its entirety.

79.     Defendant LaSalle denies Paragraph 79 in its entirety.

80.     Defendant LaSalle denies Paragraph 80 in its entirety.

81.     Defendant LaSalle denies Plaintiff Brown2 is entitled to the relief sought and denies Paragraph 81 in its entirety.

## DAMAGES

82.     Defendants deny Plaintiff Brown2 is entitled to actual, compensatory, and punitive damages.

83.     Defendants deny Paragraph 83 in its entirety.

84.     Defendants deny Paragraph 84 in its entirety.

85.     Defendants deny Paragraph 85 in its entirety.

86.     Defendants deny Paragraph 86 in its entirety.

## JURY DEMAND

87.     No response is required for Paragraph 87.

## PRAYER FOR RELIEF

Defendants deny Plaintiff Brown2's Prayer for Relief in its entirety, including subparts (a)-(g).

## DEFENDANTS' AFFIRMATIVE DEFENSES AND OTHER MATTERS

1.     Some or all of Plaintiff's Complaint fails to state a claim or claims upon which relief can be granted.

2.      The Court lacks subject matter jurisdiction over some or all of Plaintiff's Complaint.

3.      Plaintiff Brown2 cannot establish a *prima facie* case for any form of discrimination and/or retaliation under Title VII and/or Section 1981.

4.      Plaintiff's claims are barred, in whole or in part, to the extent that such claims exceed the scope of or inconsistent with the charges of discrimination Plaintiff filed with the EEOC and dually filed with the Texas Workforce Commission-Civil Rights Division.

5.      Any claims not raised in Plaintiff's Charges of Discrimination should be barred and dismissed for failure to exhaust administrative remedies and/or failing to satisfy the administrative prerequisites necessary to asserting such claims.

6.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations to the extent that they were not presented to the EEOC in a timely fashion and to the extent that they did not occur within the time frames prescribed by law.

7.      The continuing violation does not apply to Plaintiff's hostile work environment claim.

8.      Plaintiff's claims against Defendants fail, in whole or in part, to the extent that the employment actions complained of by Plaintiffs were based upon legitimate, nondiscriminatory, non-retaliatory, and non-pretextual business reasons and/or good faith reliance on applicable administrative rulings, orders, or law.

9.      To the extent, if any, unlawful harassment and/or discrimination was a motivating factor in any decision regarding Plaintiff, which Defendant LaSalle denies, Defendant LaSalle would have made the same decision absent any improper or unlawful motivation.

10.     Plaintiff Brown2 was an at-will employee.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint   12**

11.     Defendant LaSalle is entitled to the benefit and protection of the "business-judgment defense."

12.     Plaintiff Brown2 has failed to mitigate any damages they may claim to have suffered as a result of any alleged actions and failed to use reasonable efforts to obtain comparable employment. Alternatively, any damages claimed to have been suffered by Plaintiff Brown2 should be reduced by whatever income or economic benefits she/he has earned or received after her/his employment with Defendant LaSalle ended. Defendant LaSalle is entitled to an offset for any amount that was in fact earned or could have been earned by Plaintiff Brown2 during the relevant time.

13.     Defendants did not commit any act with malice or reckless indifference to Plaintiff Brown2's legally protected rights (if any), and Defendants did not approve, authorize, ratify, nor have actual knowledge of any such acts.

14.     Without conceding whether Plaintiff Brown2 suffered any damages because of any alleged wrongdoing by Defendants, Defendants plead the due process limitation on punitive/exemplary damages outlined by the U.S. Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

15.     Defendant LaSalle cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Koland v. Am. Dental Ass'n,* 527 U.S. 526 (1999).

16.     Defendant LaSalle is entitled to the *Ellerth/Faragher* affirmative defense. Plaintiff's claims are barred because Defendant LaSalle exercised reasonable care to prevent and correct promptly any discriminatory conduct and because Plaintiff Brown2 unreasonably failed to

properly take advantage of any preventative or corrective opportunities provided by Defendant LaSalle to avoid harm otherwise.

17.    Plaintiff Brown2 cannot recover punitive damages against Defendants for any alleged discrimination, including harassment, because any such alleged conduct would be contrary to Defendant LaSalle's good faith efforts to comply with applicable anti-discrimination law(s).

18.    To the extent Plaintiffs seek punitive damages, such claims are barred in whole or in part because Defendants have not engaged in intentional discrimination with malice or with reckless indifference to Plaintiff Brown2's rights.

19.    Defendants specifically deny any allegations of intentional and knowing conduct and other conduct which may form the legal basis for entitlement to compensatory damages, liquidated damages, or punitive damages. Defendants further deny that the acts and/or omissions alleged by Plaintiff Brown2 amount to willful, malicious, and/or reckless conduct.

20.    Plaintiff Brown2's compensatory and punitive damages are subject to all applicable statutory caps and limitations.

21.    Plaintiff Brown2's claims for punitive damages fail to the extent they are unconstitutional and/or otherwise not available.

22.    Plaintiff Brown2's damages claims are barred, in whole or in part, to the extent Plaintiff Brown2 seeks to recover damages in excess of the type and amounts allowed or provided by law.

23.    Defendant LaSalle is not liable for the alleged unlawful acts and/or omission by its supervisors and/or managers to the extent those individuals acted outside the course and scope of employment.

24.     To the extent any representative of Defendant LaSalle committed the actions alleged by Plaintiff Brown2, which Defendant LaSalle and each of the Defendants deny, Defendant LaSalle neither knew nor should have known of any such alleged conduct.

25.     If Defendants are found liable for actual damages, Defendants intend to seek reduction of damages under the proportionate-responsibility statute.

26.     Plaintiffs' claims against Defendants are barred, in whole or in part, on the applicable statute of limitations under Title VII and/or Section 1981.

27.     Plaintiff Brown2 has no standing to bring associational discrimination claims.

28.     Plaintiff's claims for compensatory and punitive damages are subject to all applicable statutory caps and limitations.

29.     Plaintiff's claims for compensatory and punitive damages are limited by the provisions and maximum amount set forth in 42 U.S.C. § 1981a.

30.     An award of exemplary and/or punitive damages under the facts and circumstances of this case would violate the Fourteenth Amendment to the United States Constitution and the Due Process Clause of the Texas State Constitution.

31.     Defendant hereby invokes its right of entitlement to the limitations and caps on damage awards as provided in 42 U.S.C., § 1981a(b)(3), Texas Labor Code, § 21.2585, and other applicable law.

32.     Defendant is not entitled to double or duplicate recovery.

33.     Plaintiff has not identified any pattern or practice of discrimination based upon race.

34.     Plaintiff has not identified any pattern or practice of discrimination based upon gender.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint   15**

35.     Plaintiff's claims are barred by the Texas Workers' Compensation Act, and the Texas Workers' Compensation Commission has exclusive jurisdiction over those claims until Plaintiff has exhausted his administrative remedies.

36.     Plaintiff's Complaint against Defendant Johnson is barred because he cannot be held individually liable under 42 U.S.C. § 1981.

37.     Plaintiff's Complaint against Defendant Hernandez is barred because he cannot be held individually liable under 42 U.S.C. § 1981.

38.     Plaintiff's Complaint against Defendant Castro is barred because he cannot be held individually liable under 42 U.S.C. § 1981.

39.     Plaintiff's retaliation claims are barred because he did not engage in a protected activity.

40.     Plaintiff's claims are barred to the extent that he attempts to recharacterize his disparate treatment and harassment claims as a pattern and practice claim. Plaintiff is barred from bringing such a claim in his individual capacity.

41.     Plaintiff has failed to state a claim upon which relief can be granted for constructive discharge because he did not exhaust his administrative remedies as to such claim. Furthermore, Plaintiff did not assert a claim of constructive discharge with the EEOC within the time period allowed for filing and therefore is estopped from bringing suit for such claim against Defendants. In addition, and in the alternative, Plaintiff has not alleged facts sufficient to show that his working conditions were so intolerable that a reasonable employee would feel compelled

to resign. In addition, and in the alternative, Plaintiff has failed to state a claim upon which relief can be granted for constructive discharge because he voluntarily resigned from his employment with Defendant LaSalle.

42.     Plaintiff Brown2's Complaint is frivolous under Federal Rule of Civil Procedure

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff takes nothing by his suit, that Plaintiff's claims be dismissed with prejudice to refiling; that Defendant be awarded a judgment in its favor for its costs and attorneys' fees incurred, and for such other and further relief, whether at law or in equity, to which Defendants are justly entitled.

Dated: August 19, 2025                                Respectfully submitted,

**ATTORNEY FOR PLAINTIFF**
**KAUFMAN DOLOWICH, LLP**

*/s/Janice S. Parker*
Janice S. Parker
Texas Bar No. 15488050
janice.parker@kaufmandolowich.com
14643 Dallas Parkway, Suite 550
Dallas, Texas 75254
Telephone: (972) 781-2400
Facsimile: (972) 781-2401

**ATTORNEY FOR DEFENDANTS**

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint   17**

## CERTIFICATE OF SERVICE

The undersigned certified that on this, the **19th** day of **August 2025,** a true and correct copy of *Defendants' Answer and Affirmative Defenses to Plaintiff Antonio Brown's Third Amended Complaint* was served upon all counsel of record, as indicated below, via [ ] United States mail, certified, return receipt requested, [ ] United States regular mail, [ ] facsimile, [ ] e-mail, [ ] hand delivery, [ √ ] Notice of Electronic Court Filing.

Kevin M. Duddlesten
Texas Bar No. 00793644
DUDDLESTEN LAW GROUP, PLLC
4347 W. Northwest Hwy, Suite 130, PMB 325
Dallas, Texas 75220
Tel: (214) 833-5228
kevin@duddlestenlawgroup.com

**ATTORNEY FOR PLAINTIFF**

*/s/ Janice S. Parker*
Janice S. Parker